# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ODIS DAVID SMITH #82469 | CIVIL ACTION |
| versus | NO. 06-1421 |
| WARDEN JIM ROGERS | SECTION: R/6 |

## **REPORT AND RECOMMENDATION**

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing. *See* 28 U.S.C. § 2254(e)(2). For the reasons that follow, it is recommended that C.A. No. 06-1421"R"(6) be dismissed without prejudice for failure to exhaust all federal claims in the state's highest court. By separate Report & Recommendations issued this date, the court also recommends that C.A. Nos. 07-5287"R"(6) and 07-5567"R"(6) be dismissed as those petitions are repetitious and duplicative of the claims brought in C.A. No. 06-1421"R"(6).

Petitioner, Odis David Smith, filed this Petition for Writ of Habeas Corpus challenging the constitutionality of his confinement pursuant to 28 U.S.C. § 2254. He

is incarcerated at the Washington Correctional Center at Angie, Louisiana, currently serving an eight year sentence pursuant to his conviction in the 24th Judicial District Court ("JDC") for Jefferson Parish. Upon his release in 2009, he will begin serving consecutive ten year sentences pursuant to two separate state court judgments in the 22nd JDC of St. Tammany Parish: (1) a verdict of guilty after a jury trial on October 29, 2002, and the subsequent sentence on a multiple bill on August 8, 2003, as to one count of simple escape and one count of aggravated flight in docket number 334157; and (2) a plea of guilty on May 13, 2004, in docket numbers 334156 and 333759, to a 4th offense driving while intoxicated ("DWI") in violation of La.R.S. 14:98. This federal habeas petition addresses these two convictions in the 22nd JDC. The record consists of one volume, containing the state court record through the first few months of 2005.

This petitioner has filed the following federal habeas petitions:

1. No. 06-0052 "R"(6) Filed 11/14/05, transferred from the District of Maryland; terminated 01/21/06 - pauper status denied because of a deficient pauper application. Record document ("r.d.") #2.
2. No. 06-0345 "R"(6) Filed 02/01/06; terminated 02/01/06 - pauper status denied for sufficient funds. R.d. #1.
3. No. 06-1421 "R"(6) Filed 03/10/06; open/pending (this petition).
4. No. 06-0267 "T"(1) Filed 04/20/06; a habeas-related mandamus, construed as a petition for habeas relief pursuant to 28 U.S.C. §2254 and transferred to Sec. "R"(6), judgment rendered 06/07/06 dismissing petition. R.d. #13.
5. No. 06-3520 "R"(6) Filed 07/12/06; dismissed with prejudice 12/26/06 pursuant to voluntary motion to dismiss. R.d. #26.

6. No. 06-3521 "R"(6) Filed 07/12/06; dismissed with prejudice 12/26/06 pursuant to voluntary motion to dismiss. R.d. #23.
7. No. 07-5287 "R"(6) Filed 09/07/07; open/pending.
8. No. 07-5567 "R"(6) Filed 09/10/07; open/pending.
9. No. 07-8032 "R"(6) Filed 11/19/07; open/pending.

This Report and Recommendation addresses the captioned case, No. 06-1421, as well as by reference two of the remaining pending petitions, Nos. 07-5287 and 07-5567 (each entitled <u>Odis David Smith v. Warden Jeffery Travis</u>) which, although filed as separate federal habeas petitions, arise from the same set of facts with the same procedural background as C.A. No. 06-1421, and challenge the same state court judgments with the same claims.

## I. **PROCEDURAL BACKGROUND**

On January 16, 1998, in the 24th JDC in Jefferson Parish, docket #98-404, petitioner was charged with a 4th offense DWI in violation of LSA-R.S. 14:98(E).[1] On June 3, 1998, he entered a plea of guilty as charged. In accordance with the plea agreement, petitioner was sentenced to 10 years at hard labor, with eight years suspended and two to be served without benefit of parole, probation or suspension of sentence. Because petitioner did not appeal his conviction, pursuant to La. C.Cr.P. art. 914[2] his conviction and sentence became final five days after the rendition of the

---

[1] The facts regarding his conviction in the 24th JDC are found in the state record provided pursuant to C.A. No. 07-8032, one volume with unnumbered pages.

[2] In 2003, the statute was amended substituting "thirty days" for "five days". La. Acts. 2003, No. 949.

-3-

judgment, on June 10, 1998[3]. He was released on parole and began serving his five year period of active probation on August 9, 2000.

On May 31, 2001, in the 22nd JDC for the Parish of St. Tammany, petitioner was charged by a felony bill of information with a 4th offense DWI. R. Vol. 1, p. 48, docket #334156. The felony bill arose out of an incident that occurred on March 20, 2001, which also resulted in a separate charge of DWI (docket #333759) and of aggravated flight from an officer and simple escape (docket #333157). *See* C.A. No. 07-5567 "R"(6), R. Vols. 1-3 (unnumbered pages). On January 29, 2003, in docket #98-404 in the 24th JDC, petitioner's earlier probation was revoked based on his arrest in St. Tammany Parish. He was sentenced to imprisonment at hard labor for the eight years remaining on his sentence as a result of his June 3, 1998, guilty plea to a 4th offense DWI in #98-404.[4]

On October 29, 2002, petitioner was found guilty after a jury trial of aggravated flight and simple escape in the 22nd JDC, in docket #334157. On August 8, 2003, he was sentenced pursuant to a multiple bill to a term of two years on count two (aggravated flight from an officer) and ten years on count one (simple escape) to run concurrently. On May 13, 2004, also in the 22nd JDC, he entered a plea of guilty in

---

[3]June 5 was Saturday, the 6th was Sunday.

[4]*See* footnote 1, *supra*.

#333759 (DWI) and #334156 (enhancement of the 4th offense DWI pursuant to LSA-R.S. 15:529.1). R. Vol. 1, p. 274. At that time, petitioner was sentenced to ten years at hard labor without benefit of probation, parole or suspension of sentence on #333759, and to ten years at hard labor without benefit of probation, parole or suspension of sentence on #334156, to run concurrently with #333759 and concurrently with the two year sentence on count two of #334157 (aggravated flight). The trial court ordered that these ten year sentences were to run *consecutively* with the ten year sentence on count one of #334157 (simple escape) and *consecutively* to the eight year sentence that he is presently serving for his conviction in 24th JDC in #98-404.[5]

## State Post Conviction Procedure

Docket #334157

In #334157, petitioner filed an appeal from the conviction after a jury trial on October 29, 2002, and the sentence handed down on that conviction on August 8, 2003. C.A. No. 07-5567"R"(6), R. Vol. 2. He was represented by appellate counsel, but also filed a *pro se* brief. Petitioner alleged (1) that his sentence was

---

[5]This petition is challenges two separate judgments in the same court which were entered on different dates but resulted in consecutive sentences, neither of which petitioner is presently serving. In Peyton v. Rowe, 391 U.S. 54 (1968), the court held that habeas corpus was a proper way to attack a consecutive sentence to be served in the future because "consecutive sentences resulted in present custody under both judgments". *See* The Advisory Committee Notes regarding Rule 1 of the Rules Governing Section 2254 Cases. *See also* Rule 2(e) stating that a "petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."

unconstitutionally excessive, and (2) that in sentencing him, the trial court erroneously considered prior charges for which he was never convicted. On June 25, 2004, in a written but unpublished opinion the Louisiana First Circuit Court of Appeal ("First Circuit") affirmed his conviction and sentence on the merits. Id.; 2003-KA-2109 State v. Smith, 876 So.2d 966 (La.App. 1 Cir. 6/25/04)(Table). According to his federal habeas petition, on February 3, 2006, in 2005-KH-1177, the Louisiana Supreme Court denied petitioner's appeal from the First Circuit's decision in #334157. There is nothing in the record to indicate the date on which petitioner filed for the writ of certiorari other than the "2005" designation in the docket number. The Louisiana Supreme Court, with reference to #334157, stated: "Denied. La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96, 665 So.2d 1172)." The Melinie case held that La. C.Cr.P. art. 930.3 provides no bases for review of claims of excessiveness or other sentencing errors on post conviction. The Supreme Court apparently construed petitioner's writ application to be an application for post conviction relief. *See* State v. Myles, 534 So.2d 440 (La. 1988) (A petitioner wishing to attack a conviction affirmed on direct appeal after the time has passed to apply for a supervisory/remedial writ must file an application for post conviction relief in the district court ). Petitioner's conviction in #334157 was final on July 25, 2004, thirty days after the First Circuit affirmed the conviction on June 25, 2004.

Dockets #333759, #334156 and #334157

In #333759 and #334156, petitioner had until June 14, 2004, thirty days after his guilty plea and sentencing on May 13, 2004, to file an appeal. Instead, on June 11, 2004, referencing docket numbers 333759, 334156, 334167[6] and 334157, petitioner filed an application for post conviction relief in the trial court requesting (1) that he be re-sentenced to home incarceration pursuant to LSA-R.S. 14:98, and (2) complaining that the state violated a plea agreement which would have provided that he receive a sentence of home incarceration. R. Vol. 1, p. 139. After a hearing at which petitioner testified, the trial court denied the application on the record in court on November 16, 2004. Id., pp. 300, 314.

Instead of filing an application for supervisory/remedial writs as provided in Louisiana criminal procedure, on November 22, 2004, petitioner's appointed counsel filed a motion in the trial court for *appeal* of its denial of his application for post conviction relief. Id., pp. 219, 232. On January 3, 2005, the trial court entered an order dismissing the application for post conviction relief, and on January 7, 2005, the trial court granted the motion for appeal with an appropriate return date.[7] Id., p. 220-221. On May 3, 2005, in 2005-KA-0677 (referencing #333579) and 2005-KA-0678

---

[6]This docket number appears to have been listed in error as it concerns an unrelated defendant. *See* R. Vol. 1, p.170.

[7]A copy of the appeal itself is not in the record.

(referencing #334156), the First Circuit dismissed the appeal on procedural grounds, stating that the denial of an application for post conviction relief is not appealable, but that the defendant may seek review by application for supervisory writs. Id., p. 318. The appellate court refused to consider the appeal as an application for supervisory writs, but gave petitioner thirty days from May 5, 2005, until June 4, 2005, to file such an application without the necessity of obtaining a return date order from the trial court. There is nothing in the record to indicate that petitioner filed a timely application for supervisory writs in the First Circuit. Petitioner's convictions in #333759 and 334156 became final on June 14, 2004, thirty days after his guilty plea and sentencing on May 13, 2004.

Petitioner continued to file numerous repetitive substantive motions, writs and applications for post conviction relief in state court (and apparently continues to do so).[8] Multiple denials of writs filed in the First Circuit are identified variously as referring to docket numbers 333579, 334156 and/or 333157.

## **Federal Habeas Petition**

Petitioner filed his first federal habeas application on March 10, 2006,

---

[8]*See* Exhibit "A", a 13 page "Chronology of State Court Records Docket Nos. 334156 and 334157", r.d. #10-2 in C.A. No. 07-5567. The list is thirteen pages and covers pleadings filed up to 08/08/07.

postmarked February 23, 2006.[9] His federal petition initially mentioned only #333759 and #334156, and alleged only that he should have been sentenced to home incarceration and inpatient treatment by a physician pursuant to LSA-R.S. 14:98(G).[10] He subsequently filed numerous motions and arguments requesting various relief. On August 2, 2006, this Court entered an Order at record document #29 addressing eleven of petitioner's motions. The Court denied the motions, except "[t]o the extent petitioner is making supplemental argument to his original habeas petition, the supplements will be considered prior to this court's issuance of a Report and Recommendation." On May 18, 2007, at record document #51, petitioner filed a "motion" presenting various legal arguments regarding a <u>Batson</u> claim and an ineffective assistance of counsel claim. On May 22, 2007, at record document #53, construing his "unspecified" motion as a motion to supplement to his petition, the Court granted the motion. Again, on February 27, 2008, at record document #75, the Court addressed and denied another nineteen motions as repetitive and/or without merit.

---

[9]The Fifth Circuit has recognized that the "mailbox rule" applies to habeas corpus petitions submitted to federal court by prisoners proceeding *pro se*, filed after the effective date of the AEDPA. The date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. <u>Calvin v. Johnson</u>, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057 (2000).

[10]This claim does not raise a constitutional issue but merely argues that state law was incorrectly applied.

Within this proliferation of pleadings, petitioner raised the following issues which, pursuant to the Court's Orders, are considered as supplements to his original habeas petition: (1) that the state violated a plea agreement (#334156, see record document #68); (2) that the trial court allowed the prosecutor to strike all African-American jurors from the jury pool in violation of Batson and the Fourteenth Amendment (#334157, see record documents #25, 51, 65); and (3) ineffective assistance of trial counsel and appellate counsel because neither presented witnesses or evidence regarding his insanity at the time of the trial and/or plea agreement, in violation of the Sixth Amendment (#334156, #334157, and #333759, see record documents #51, 65, 71).[11]

The threshold questions in habeas review are whether the petition is timely and whether the claims raised in the federal habeas petition have been adjudicated on the merits in state court, that is, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997), *citing* 28 U.S.C. § 2254(b) and ( c).

---

[11]One of petitioner's motions (see record document #62) attacks the judgment and sentence rendered in the 24th JDC in Jefferson Parish, alleging that he was insane and therefore exempt from criminal responsibility for the offences for which the 24th JDC revoked his probation in state docket number 98-404. Rule 2(e) of the Rules Governing Section 2254 Cases requires that a "petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." The claim attacking the judgment in the Jefferson Parish court cannot be considered in this Report and Recommendation. However, Civil Action No. 07-8032, filed in this court on 11/19/07 and still pending, attacks that judgment.

## II. TIMELINESS

A petitioner is generally required to bring a habeas corpus petition filed pursuant to 28 U.S.C. § 2254 within one year of the date the conviction is final. 28 U.S.C. § 2244(D)(1)(a), as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). That limitation applies to this petitioner because his petition was filed after the AEDPA became final on April 24, 1996. Lindh v. Murphy, 117 S.Ct. 2056, 2060 (1997). The one year limitation is tolled during the periods that a properly filed petition for post-conviction relief or collateral review is pending in state courts. 28 U.S.C. § 2244(D)(2); Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). In Williams v. Cain, 217 F.3d 303, 307 (5th Cir. 2000), the Fifth Circuit observed that "courts have consistently held that an application is not 'properly filed' if it fails to meet a filing deadline clearly established in state law." Id. (citations omitted). Citing "concern for comity", it further explained that "the plain language of section 2244(D)(2) requires a properly filed state application to meet clear time limitations." Id., at 307-08.

Pursuant to Rule 4-2 of the Louisiana Uniform Rules, Courts of Appeal, a petitioner intending to apply for a supervisory/remedial writ must give notice to the district court judge (and opposing parties or counsel) of the intention to apply by requesting a return date to be set by the judge as provided in Rule 4-3. Rule 4-3

provides that in criminal cases, the return date shall not exceed thirty days from the date the ruling at issue was signed. That rule also provides that "[u]pon proper showing, the trial court or the appellate court may extend the time for filing the application upon the filing of a motion for extension of return date by the applicant, filed within the original or an extended return date period."

Rule X Section 5, Rules of the Louisiana Supreme Court, provides in pertinent part as follows:

> (a) An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs..., or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; .... No extension of time therefor will be granted.

Petitioner's conviction and sentence in #333759 and #334156 became final on February 2, 2005, when he failed to properly file an application for supervisory writs to review the trial court's denial of his application for post conviction relief entered on January 3, 2005.[12] Petitioner's conviction and sentence in #334157 was final on July 25, 2004, thirty days after the First Circuit affirmed the trial court's decision and he failed to file a timely application for a writ of certiorari in the state supreme court.

---

[12] See full discussion of this portion of petitioner's procedural history at pp. 7-8 of this Report & Recommendation.

Petitioner filed his state application for post conviction relief on June 11, 2004, citing docket numbers 333759, 334156, *and* 334157, thus interrupting the AEDPA limitation period with a properly filed state application as to all challenged convictions and sentences. Between June 11, 2004, and February 23, 2006, the date his federal habeas application was filed, petitioner filed 26 applications for post conviction relief, substantive motions, and writs of certiorari in the state district court, all making the same claims he previously asserted in his direct appeal and his application for post conviction relief regarding his convictions and sentences in #s 333759, 334156 and 334157.[13] All of these subsequent pleadings were ultimately denied in the district court, the First Circuit and/or Louisiana Supreme Court as repetitive and/or untimely. However, as a result of the proliferation and overlapping of filings in state court, petitioner had a substantive challenge to his convictions and sentences pending in state court for the entire period after his convictions and sentences in the 22nd JDC became final until he filed his federal habeas petition, tolling the AEDPA limitations period as to those convictions and sentences. His federal habeas petition was timely filed.

## III. EXHAUSTION

According to 28 U.S.C. § 2254(b)(1)(A), an applicant for federal habeas corpus

---

[13] *See* note 8, *supra*.

relief must have exhausted the available state remedies. A federal habeas petition must be dismissed if any issue raised has not been exhausted in state courts. 28 U.S.C. § 2254(b), (C); Rose v. Lundy, 102 S.Ct. 1198 (1982); Thomas v. Collins, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991). For a claim to be exhausted, it must have been presented to the highest state court in a procedurally proper manner. Rose v. Lundy, *supra*, 102 S.Ct. at 1202; Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988), *citing* Carter v. Estelle, 677 F.2d 427, 442 n.10 (5th Cir. 1982) (citations omitted).

Petitioner's state application for post conviction relief challenging his convictions and sentences in the 22nd JDC made two claims: (1) that he was entitled to re-sentencing to home incarceration pursuant to LSA-R.S. 14:98, and (2) that the state violated a plea agreement which would have provided that he receive a sentence of home incarceration. He did not make any claim regarding ineffective assistance of counsel during the plea, sentencing or post conviction process in #333759 and #334156, nor did he make a claim regarding the allegation of a Batson violation or ineffective assistance of counsel during the trial or appeal of #334157. After a hearing in the state district court on his application for post conviction relief, at which petitioner testified, the application was denied on the merits of the only claims presented for review. R. Vol. 1, pp. 300-316. His appeal of that decision was

dismissed by the First Circuit as improperly filed.

Likewise, his direct appeal of the conviction and sentence in #334157 raised only claims that his sentence was unconstitutionally excessive and, that in sentencing him, the trial court erroneously considered prior charges for which he was never convicted. He did not present his claims regarding the allegation of a <u>Batson</u> violation or ineffective assistance of counsel for review on the merits. The appellate court reached the merits of the claims presented in his appeal and affirmed his conviction and sentence. Again, the Louisiana Supreme Court, in 2005-KH-1177, dismissed his application for writs on procedural grounds. Because his federal habeas claims have not been exhausted, his petition is subject to dismissal without prejudice.

## IV. <u>CIVIL ACTION NO. 07-5287 "R"</u>

Petitioner filed this Petition for Writ of Habeas Corpus on September 7, 2007, challenging the judgments of the 22nd JDC for St. Tammany Parish in #334156 and #3334157. He alleges (1) ineffective assistance of counsel during his trial because the public defender did not call any doctors as witnesses regarding his insanity, (2) a <u>Batson</u> violation because the court allowed the prosecutor to strike all potential African-American jurors from the jury, and (3) that the state did not keep its offered plea agreement. The procedural background presented *supra* herein is applicable because all of these claims were raised in C.A. No. 06-1421. This petition is subject

to dismissal with prejudice as repetitious of the claims presented in C.A. No. 06-1421"R"(6). [14]

## V. CIVIL ACTION NO. 07-5567 "R"

Petitioner filed this Petition for Writ of Habeas Corpus on September 10, 2007, challenging the judgments of the 22nd JDC for St. Tammany Parish in docket numbers 334156 and 334157. He asserts the same claims previously alleged in C.A. No. 06-1421"R"(6) and C.A. No. 07-5287"R"(6) regarding the state court judgments in #334156 and #334157. He also appears to complain about denial of a motion filed on August 6, 2007, in the 22nd JDC in #334156 and 334157, to vacate his sentence and give him the plea agreement offered by the state. The district court denied the motion as untimely and repetitious.[15] This petition is repetitious and subject to dismissal with prejudice.

## VI. CONCLUSION

In <u>Delespine v. Quarterman</u>, 186 Fed.Appx 484, 2006 WL 1751887 (5th Cir. 2006), the petitioner filed a motion for a certificate of appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254 application challenging his state court conviction. <u>Id.</u>, *1. It was the seventh COA motion Delespine had filed

---

[14]*See* Report and Recommendation in C.A. No. 07-5287"R"(6).

[15]*See* Report and Recommendation in C.A. No. 07-5567"R"(6).

challenging the district court's reasons for dismissing his federal habeas petition, and he had been previously warned by the Fifth Circuit "that further frivolous applications would invite the imposition of sanctions". Id. The Fifth Circuit then imposed a monetary sanction of $200.00 to be paid to the Clerk of Court, and barred Delespine "from filing in this court or in any court subject to this court's jurisdiction any pleading" that challenges the conviction and sentence until the fine is paid in full. Id. The court proceeded to caution Delespine "that any future frivolous or repetitive filing in this court or in any court subject to this court's jurisdiction will subject him to additional sanctions." Id.

Considering petitioner Odis Smith's numerous repetitive and frivolous filings in this district court, a warning to him that further repetitive and frivolous motions and petitions may result in sanctions from this court, including a ban on any filing in this court, would be appropriate.

## VI. <u>RECOMMENDATION</u>

For all of the foregoing reasons, it is **RECOMMENDED** that Odis David Smith's petition for issuance of a Writ of Habeas Corpus, C.A. No. 06-1421, filed pursuant to Title 28 U.S.C. §2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust the constitutional claims;

It is further **RECOMMENDED** that Odis David Smith be **cautioned** that

**further repetitive and frivolous pleadings, making the same claims and requesting the same relief as his past motions and petitions**, may result in sanctions from this court, including a ban on any filing in this court.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this  18th  day of    February   , 2009.

$\hspace{3cm}$ _____
$\hspace{4cm}$ LOUIS MOORE, JR.
$\hspace{3.5cm}$ United States Magistrate Judge